IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01317-WDM-BNB

BILL WILSON,

Plaintiff,

v.

ACHATES MORTGAGE CORPORATION
ACHATES FINANCIAL SERVICES GROUP,
CRAIG D. JOHNSON, individually and in his official capacity,
VALLE RON, individually and in his official capacity,
GEORGE REINHART, individually and in his official capacity,
RICH RENNIE, individually and in his official capacity,
DEBBIE RENNIE, individually and in his official capacity,
VERN SHIPLEY, individually and in his official capacity, and
JOHN DOE #1 - JOHN DOE #5, individually and in his official capacity,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions:

(1)     **Motion for Umbrella Protective Order** (the "First Motion for Protective

Order"), filed August 16, 2005;

(2)     **Motion for Umbrella Protective Order re Defendant Johnson** (the "Second

Motion for Protective Order"), filed August 16, 2005;

(3)     **Motion for an Order to Compel Discovery and for an Extension of Time to**

**Allow Discovery** (the "Motion to Compel"), filed September 7, 2005; and

(4)     **Motion for an Order to Show Cause as to Why Henry Sand and All**

**Defendants Should Not Be Held In Contempt of Court for Engaging In a Pattern of**

**Deception to Avoid Discovery** (the "Motion for Contempt"), filed September 7, 2005.

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here. In summary and for the reasons stated on the record:

IT IS ORDERED that the First Motion for Protective Order is DENIED

IT IS FURTHER ORDERED that the Second Motion for Protective Order is DENIED.

IT IS FURTHER ORDERED that the Motion to Compel is GRANTED IN PART and DENIED IN PART. The Motion to Compel is GRANTED to require the defendants to respond to the plaintiff's discovery on or before **October 27, 2005**. The defendants may assert objections, as appropriate, however. The Motion to Compel also is GRANTED to extend the discovery cut-off and other pretrial deadlines as follows:

>**Discovery Cut-Off:** January 31, 2006
>
>(All discovery must be **completed** by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off.)
>
>**Dispositive Motions Deadline:** February 28, 2006
>
>**Expert Disclosures:**
>
>**(a)** The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 15, 2005**
>
>**(b)** The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **December 23, 2005**

**Final Pretrial Conference:**   The final pretrial conference set for February 6, 2006, at 9:00 a.m., is VACATED and RESET to **May 22, 2006, at 9:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall prepare a proposed Final Pretrial Order and submit it to the court no later than **May 15, 2006**.

The Motion to Compel is DENIED in all other respects.

IT IS FURTHER ORDERED that the Motion for Contempt is DENIED.

IT IS FURTHER ORDERED that a settlement conference is set for **October 25, 2005, at 3:00 p.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  *Pro se* parties, attorneys, and client representatives with full authority to settle the case must be present at the conference in person.  (NOTE: This requirement is not fulfilled by the presence of counsel only.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)  Each party shall submit an updated confidential settlement statement to my chambers on or before **October 18, 2005**, outlining the facts and issues in the case and containing a specific offer of compromise, including a dollar amount the party will accept or pay in settlement and any other essential terms of a settlement.

Dated September 27, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge